**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT LONDON**

**CIVIL ACTION NO. 10-262-DLB**

**GARY BAILEY, on behalf of deceased,**                                    **PLAINTIFF**
**PEGGY A. BAILEY**

**vs.**                            **MEMORANDUM OPINION & ORDER**

**MICHAEL J. ASTRUE, Commissioner**
**SOCIAL SECURITY ADMINISTRATION**                              **DEFENDANT**

*    *    *    *    *    *    *

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security.  The Court, having reviewed the record and the parties' dispositive motions, **reverses and remands** the Commissioner's decision for further proceedings consistent with this opinion.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On December 8, 2006, ALJ John Barker considered Claimant Peggy Bailey's first Title II application for a period of disability and disability insurance benefits (DIB), as well as Claimant's Title XVI application for supplemental security income (SSI).  (Tr. 75). Claimant alleged disability beginning June 18, 2004 in each application.  (*Id.*).  ALJ Barker found that Claimant's severe impairments included a history of peripheral vascular disease and aortic arteriosclerotic disease, hypertension, degenerative joint disease of the back, and clinical depression.  (Tr. 77).  However, ALJ Barker concluded that Claimant had the residual functional capacity ("RFC") to perform medium exertional activity and, ultimately,

1

was not under a "disability" as defined in the Social Security Act.  (Tr. 83).

Just over a year after ALJ Barker's decision, on January 25, 2008, Claimant filed a subsequent Title II application for a period of disability and DIB, again alleging that her disability began on June 18, 2004.  (Tr. 89, 90; 117-124).  Claimant reiterated many of her same complaints – degenerative joint disease, depression, anxiety, and hypertension – and also included multiple sclerosis, among others.  (Tr. 150).  Her application was denied both initially and on reconsideration.  (Tr. 89-94, 99-101).  On November 6, 2008, Claimant filed a written request for a hearing, but passed away on March 13, 2009, prior to the hearing.  (Tr. 102-03; 133).  Claimant's husband, Gary Bailey, was substituted as the claimant in this matter.  He appeared and testified at the hearing held on August 13, 2009.  (Tr. 31-55). On December 21, 2009, ALJ Frank Letchworth issued a partially unfavorable decision, finding that Claimant was not disabled prior to September 13, 2008, and, therefore not entitled to a period of disability or DIB payments prior to that time.  (Tr. 16-26).

At the outset of ALJ Letchworth's opinion, he noted that Claimant's representative requested to reopen Judge Barker's 2006 decision, alleging that Claimant was later diagnosed with multiple sclerosis.  (Tr. 16).  However, he stated that the evidentiary record failed to confirm the diagnosis and, thus, concluded that "no new or material evidence submitted . . . warrant[ed] reopening . . . the prior application and accordingly decline[d] to reopen the application or revise the prior decision."  (*Id.*).  ALJ Letchworth also stated that he intended to apply the administrative res judicata principles as set forth in *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997).  (*Id.*) ("I must still apply the principles as set forth in *Drummond v. Commissioner of Social Security*." (citation omitted)).

2

In his findings of fact and conclusions of law, ALJ Letchworth began by discussing the testimony of Claimant's representative at the administrative hearing. The representative testified that Claimant's symptoms prior to December 2006 included fatigue, vision problems, confusion and memory loss. (Tr. 19). The representative also testified about Claimant's condition after 2006, mentioning that she suffered from high blood pressure and cholesterol, back pain, neuropathy, muscle spasms, anxiety and depression. (*Id.*).

After discussing the representative's testimony, ALJ Letchworth's next paragraph stated that he "reviewed the documentary evidence of record," including ALJ Barker's 2006 decision, but left it unclear whether he reviewed specific evidence considered by ALJ Barker or whether he solely reviewed the findings made by ALJ Barker. (*Id.*). He then paraphrased ALJ Barker's findings of fact, but wrote, "[h]owever, [ALJ Barker] found that the claimant retained the functional capacity to perform medium work." (*Id.*).

Next, ALJ Barker considered Claimant's objective evidence and subjective complaints subsequent to the 2006 decision. Claimant reported that she was experiencing confusion, dizziness and headaches, which physicians thought may have been caused by possible multiple sclerosis. (Tr. 20). ALJ Letchworth's decision considered multiple reports, including a report by neurologist Dr. Craig Knox and a narrative prepared by her primary care giver, Dr. Charles Grisby. However, ALJ Letchworth was unable to conclude that Claimant suffered from multiple sclerosis. (Tr. 20-21, 23).

Additionally, ALJ Letchworth found that Claimant's mental health record was "essentially silent with respect to clinical findings, . . . , [and] there [was] no evidence of any formal mental health treatment since the December 2006 hearing decision," suggesting that

3

her mental health condition had not changed since December 2006.  (Tr. 21).  Despite an absence of mental health treatment post-2006, ALJ Letchworth oddly stated, "[n]onetheless, I have resolved the matter in light most favorable to the claimant and afforded appropriate psychological limitations."  (Tr. 23).

Further, ALJ Letchworth found that post-2006 claims of coronary artery disease and other circulatory and vascular conditions were not corroborated by objective evidence. (*Id.*).  However, Claimant passed away on March 13, 2009 from a heart attack, which lead ALJ Letchworth to find that Claimant's coronary condition had progressed.  After discussing each of Claimant's new complaints and citing ALJ Barker's 2006 finding that Claimant could perform medium work, ALJ Letchworth concluded that he "reduced [Claimaint's] capacity to *light* work prior to September 13, 2008."  (Tr. 24) (emphasis added).

Claimant's representative requested review of this decision (Tr. 10), which was granted.  However, the Appeals Council dismissed the request for a hearing for the period from June 18, 2004 through December 8, 2006, citing the doctrine of res judicata.  (Tr. 4). On July 23, 2010, the Appeals Council adopted ALJ Letchworth's decision for the period beginning December 9, 2006 through March 13, 2009, and affirmed the ALJ's decision that Claimant was not disabled prior to September 13, 2008.  (Tr. 1-5).  On September 21, 2010, Claimant's representative (referred to hereinafter as "Plaintiff") filed the instant action. (Doc. # 1).  The matter has culminated in cross-motions for summary judgment, which are now ripe for adjudication.  (Docs. # 8, 9).  Additionally, the Court ordered supplemental briefing concerning the applicability of *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1994), which both parties have also submitted.  (Docs. #  11, 12, 13).

4

## II.  DISCUSSION

When considering a claimant's second application for disability benefits after the Social Security Administration denied a previous application, an ALJ may take one of three analytic paths.  *Drummond*, 126 F.3d at 842; *Dennard v. Sec'y of Health and Human Servs.*, 907 F.2d 598 (6th Cir. 1990); *Haddix v. Astrue*, No. 10-30-ART, 2010 WL 4683766, at *1 (E.D. Ky. Nov. 12, 2010).  It is imperative that the ALJ's opinion clearly articulates which path it followed.  *See Bailey v. Comm'r of Soc. Sec.*, No. 98-3061, 1999 WL 96920, at *3 (6th Cir. Feb. 2, 1999); *Haddix*, 2010 WL 4683766, at *1.  When analyzing one of the three paths, "the rationale . . . must be written so that a clear picture of the case can be obtained."  SSR 82-62, 1982 WL 31386, at *4.  The rationale must be orderly and show clearly how specific evidence leads to a conclusion.  *Id.*  Without such clarity, meaningful judicial review is impossible.

First, the ALJ may find that a denial of benefits for one period precludes consideration of a second application under the doctrine of administrative res judicata. *Drummond*, 126 F.3d at 842 ("absent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ."); *Brewster v. Barnhart*, 145 F. App'x 542, 546 (6th Cir. 2005) (holding that factual findings made by a prior ALJ have a preclusive effect on a subsequent ALJ when there are no changed circumstances).  The Sixth Circuit has held that an ALJ must apply res judicata to a second application if the claimant fails to show that his or her circumstances have changed.  *Casey v. Sec. of Health and Human Servs.*, 987 F.2d 1230, 1232-33 (6th Cir. 1993) (per curiam).

5

Second, the ALJ may find evidence of changed circumstances, which permits the ALJ to review evidence of the new period while leaving the ALJ's decision for the earlier period untouched. *Drummond*, 126 F.3d at 842-43 ("When the Commission has made a final decision concerning a claimant's entitlement to benefits, the Commission is bound by this determination absent changed circumstances."). However, the Sixth Circuit makes clear that "the [ALJ] must prove changed circumstances and therefore escape the principles of res judicata." *Id.* As the Sixth Circuit held in an unpublished opinion, when a case "requires a showing of changed circumstances . . . , a comparison between circumstances existing at the time of the prior decision and the circumstances existing at the time of the review is necessary." *Kennedy v. Astrue*, No. 06-6582, 2007 WL 2669153, at *7 (6th Cir. Sept. 7, 2007).

Third, the ALJ may find that new and material evidence of a claimant's condition during the first considered period warrants reopening and revising the prior opinion. 20 C.F.R. §§ 404.988 to .499, 416.1488 to 1489; *Brewster*, 145 F. App'x at 548 ("new and material evidence can be good cause for reopening a claim"); *Wheeler v. Secretary of Health & Human Servs.,* No. 85-1757, 1986 WL 16116, at *1 (6th Cir. Aug. 8, 1986) ("Thus, the ALJ's determination that Plaintiff was not disabled on or before March 21, 1980 is binding under the doctrine of res judicata, since there is no new and material evidence warranting a reopening of the prior decision."). In order to justify reopening the prior decision, the Sixth Circuit makes clear that the new evidence must be relevant to the claimant's condition during the previous period. If the new evidence is solely indicative of the claimant's condition after the first decision, it does not justify reopening the prior opinion. *Coker v. Heckler*, No. 85-1166, 1986 WL 16847, at *1 (6th Cir. Apr. 4, 1986)

6

(upholding the Secretary's decision not to consider an x-ray taken after a prior ALJ opinion as new and material evidence of the claimant's condition during the previously considered time period).  While ALJ Letchworth thoroughly reviewed Claimant's medical history, it is unclear which of the three paths he followed.  He ultimately reduced Claimant's residual functional capacity to light work prior to September 13, 2008, after ALJ Barker determined that she had the RFC to perform medium work in 2006.  (Tr. 24).  ALJ Letchworth stated that he found no reason to reopen the prior application, which would seem to indicate that any reduction in Claimant's RFC was based on a finding of changed circumstances.  (Tr. 16).

ALJ Letchworth could have reduced Claimant's RFC by citing changed circumstances in Claimant's condition, allowing him to avoid the preclusive effect of the 2006 decision.  *See Drummond*, 126 F.3d at 842-43.  Plaintiff and Defendant support this position.  Plaintiff argues that the ALJ *"*appeared" to have found changed circumstances based on the new evidence.  (Doc. # 12).  Defendant contends that the ALJ "implicitly" found changed circumstances, particularly when the ALJ stated ". . . inasmuch as the claimant passed away on March 13, 2009 from a heart attack, it is reasonable to find that the claimant's coronary condition did in fact progress."  (Tr. 24).

Although these explanations are plausible, it is unclear whether this was the basis for the ALJ's decision.  The ALJ did consider new evidence at length, which would be appropriate if he found changed circumstances.  (Tr. 19-21).  Additionally, it may have been appropriate to find changed circumstances if Claimant's coronary condition had progressed, though this Court is not considering the merits of such a finding here.  While both parties argue that the ALJ did, in fact, implicitly find changed circumstances, that finding is far from

7

self-evident. Instead, ALJ Letchworth's sole indication that he found changed circumstances is made only in passing and is buried at the end of a two-page overview of his conclusions.  (Tr. 24) ("However, inasmuch as the claimant passed away on March 13, 2009 from a heart attack, it is reasonable to find that the claimant's coronary condition did in fact progress.").   If ALJ Letchworth did find changed circumstances, he failed to clearly articulate the rationale underlying his decision.  *See Hurst v. Sec'y of Health & Human Serv.*, 753 F.2d 517, 519 (6th Cir. 1985).  Any comparison between circumstances existing at the time of the prior decision and the circumstances existing at the time of review, as required by the Sixth Circuit, is vague and insufficient for this court to give meaningful review. *Kennedy*, 2007 WL 2669153, at *7.

On the other hand, ALJ Letchworth may have chosen to reopen and revise the 2006 decision when he decided to "reduce[] her capacity to light work prior to September 13, 2008." (Tr. 24).  On the face of his opinion, it appears that he chose not to follow this path. ALJ Letchworth clearly stated at the outset that "there has been no new or material evidence submitted that warrant[ed] reopening the prior application." (Tr. 16).  He even mentioned that the primary care giver's narrative "undermine[d] the request to reopen the December 2006 hearing." (Tr. 21).  However, if he found no justification for reopening the prior application, principles of administrative res judicata require that he adopt the findings and conclusions of ALJ Barker concerning Claimant's condition from June 18, 2004 to December 8, 2006.  *See, e.g. Brewster*, 145 F. App'x at 546 (holding that the ALJ must adopt the findings from a prior ALJ's decision regarding the claimant's past relevant work if no new evidence was presented with the claimant's second application).

8

Instead, at least two places in ALJ Letchworth's opinion seem to indicate that he may have intended to revise ALJ Barker's findings. First, he found no evidence of formal treatment or clinical findings in regard to her mental health subsequent to the December 2006 decision. This would seem to indicate that ALJ Letchworth found that Claimant's mental health condition had not changed. Thus, administrative res judicata would require ALJ Letchworth to adopt the findings of the prior decision in regard to Claimant's mental health. ALJ Letchworth seems to have disregarded res judicata when he proclaimed that he "resolved the matter in the light most favorable to the claimant and afforded appropriate psychological limitations." (Tr. 23).

Second, ALJ Letchworth acknowledged ALJ Barker's finding that Claimant had the residual functional capacity to perform medium work, but after "resolv[ing] this issue in the light most favorable to the claimant" he reduced her RFC to light work prior to September 13, 2008. (Tr. 24). This statement seems to indicate that he intended to reduce her RFC for the entire time period between the alleged onset date of June 18, 2004 through September 13, 2008, which is inconsistent with his statement that he "decline[d] to reopen the application or revise the prior decision . . . ." (Tr. 16).

Plaintiff argues that the Social Security Administration's ultimate decision was not to open and revise the 2006 decision, shown by the Appeals Council's denial of Plaintiff's request for a hearing concerning the period of June 18, 2004 through December 8, 2006. (Doc. 12). If this is so, the difficulty in determining the ALJ's rationale for modifying Claimant's RFC prior to September 13, 2008 remains. It is not clear that the ALJ found changed circumstances such that administrative res judicata would not apply. Instead, it appears that the ALJ may have applied res judicata to the first decision, but mistakenly

9

conducted a de novo review of the evidence presented in the second application without finding changed circumstances. *See Haddix*, 2010 WL 4683766, at *3.  This would be a misapplication of the principles of administrative res judicata as set forth in *Drummond*. *Haddix*, 2010 WL 4683766, at *3.

## III.    CONCLUSION

Without more clarity from the ALJ, it is impossible to give meaningful judicial review to either party's objections.  The ALJ may choose one of three paths when considering a second application for disability benefits, but he cannot walk two at the same time.  If no new and material facts are presented to warrant reopening the prior application, the ALJ may find either that the first decision precludes review of the second application or that changed circumstances warrant review of the new application.  If the ALJ chooses the latter, he must make some comparison between the claimant's prior condition and new condition to justify a finding of changed circumstances, and, ultimately, a new RFC. *Kennedy*, 2007 WL 2669153, at *7.  Regardless of the path the ALJ chooses, his opinion must clearly articulate his rationale so that the court may give meaningful judicial review. Because he has failed to do so, remand is warranted.

Accordingly, it is **ORDERED** as follows:

(1)    Plaintiff's motion for summary judgment (Doc. # 8) is hereby **DENIED**;

(2)    Defendant's motion for summary judgment (Doc. # 9) is hereby **DENIED**;

(3)    The administrative decision of Defendant is **REVERSED** and **REMANDED** for further proceedings consistent with this opinion.

This 26th day of September, 2011.



Signed By:

**_David L. Bunning_**

**United States District Judge**

G:\DATA\SocialSecurity\MOOs\London\6-10-262-BaileyMOO.wpd